THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GEBR TIGGES GMBH and FAN SEPARATOR GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>EYS METAL SANAYI VE TICARET LTD. STI., and DARITECH, INC.,<br><br>Defendants<br><br>v.<br><br>BAUER DEUTSCHLAND VERTRIEBS GMBH, a foreign business entity, and RÖHREN- UND PUMPENWERK BAUER GMBH, a foreign business entity,<br><br>Third Party Defendants. | Case No. C07-1673 RSL<br><br>PROTECTIVE ORDER |

This matter having come before the Court upon Daritech Inc.'s Motion for Protective Order, the Court enters the following Order:

1. "Classified Information," as used herein, means any information of any type, kind or character (a) that is produced or disclosed in response to interrogatories, requests for

PROTECTIVE ORDER - 1
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

production of documents or tangible things, subpoenas, questioning at depositions or other testimony, or otherwise in connection with responses to demands for discovery, and (b) that is designated as "Confidential" or "For Attorneys' Only" (or "Attorneys' Eyes Only") by any party to (and in accordance with) the Protective Order. In designating information as "Confidential" such designation shall be made only as to proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to the Products or other highly sensitive, trade secret technical information not yet publicly disclosed. In designating information as "For Attorneys Only" (or "Attorneys' Eyes Only") such designation shall be made only as to proprietary Information relating to highly sensitive financial information, including but not limited to, customer identification, sales prices to specific customers, profit margins and prospective marketing strategies, and highly sensitive technical information, including but not limited to, product design and development materials relating to the Products or other highly sensitive, trade secret technical information not yet publicly disclosed, which if disclosed would be detrimental to the designating party. Information or material which is available to the public, or which has been disclosed to a third party without any restriction or other obligation to keep such information confidential, shall not be so classified.

2. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. All Classified Information shall be kept confidential and shall not be given, shown, made

PROTECTIVE ORDER - 2
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

available, discussed or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

3. Except as permitted by further order of this Court or by written agreement of the designating party, and subject to the terms of this Protective Order, disclosure of information designated as "Confidential," including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

(a) Outside counsel of record for the parties, including paralegal and clerical employees;

(b) Court reporters and other similarly situated persons under an obligation as a matter of law to abide by the terms of this Protective Order;

(c) Consultants or experts retained by the parties to consult or testify in the case who are not employees or officers of the parties and who, prior to any such disclosure, have signed an agreement to be bound by the provisions of this Protective Order in the form of Exhibit A attached hereto (such signed document to be served on all parties), as well as clerical employees and other staff assisting such consultants or experts, provided that the identification of such consultant or expert shall not constitute the designation of such person or entity as an expert for trial under Fed.R.Civ.P. 26;

(d) Any person who has already received such confidential information, by way of example only, the author, drafter, recipient and copyholders of a document;

(e) Legal support contractors hired by counsel of record for duplicating, imaging, or coding documents containing Classified Information, and other independent consultants (e.g. trial consultants) engaged to assist counsel in connection with the trial and

PROTECTIVE ORDER - 3
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

preparation for trial of this case and who sign an agreement substantially in accordance with the terms of Exhibit A hereto; and

(f)     Any additional persons on whom, and under the conditions upon which the parties may agree, or to whom the Court may order disclosure.

4.     Except as permitted by further order of this Court or by a written agreement of the designating party, and subject to the terms of this Protective Order, disclosure of information designated as "For Attorneys Only" (or "Attorneys' Eyes Only"), including summaries thereof, but not including documents with the designated portions redacted, shall be limited to:

(a)     Outside counsel of record for the parties and their staff, including paralegal and clerical employees;

(b)     Court reporters and other similarly situated persons under an obligation as a matter of law to abide by the terms of this Protective Order;

(c)     Consultants or experts retained by the parties to consult or testify in the case who are not employees or officers of the parties and who, prior to any such disclosure, have signed an agreement to be bound by the provisions of this Protective Order in the form of Exhibit A attached hereto (such signed document to be served on all parties), as well as clerical employees and other staff assisting such consultants or experts, provided that the identification of such consultant or expert shall not constitute the designation of such person or entity as an expert for trial under Fed.R.Civ.P 26;

(d)     Any person who has already received such designated information, by way of example only, the author, drafter, recipient and copyholders of a document;

(e)     Legal support contractors hired by counsel of record for duplicating, imaging, or coding documents containing Classified Information, and other independent

PROTECTIVE ORDER - 4
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

consultants (e.g. trial consultants) engaged to assist counsel in connection with the trial and preparation for trial of this case and who sign an agreement substantially in accordance with the terms of Exhibit A hereto; and

(f) Any additional persons on whom, and under the conditions upon which the parties may agree, or to whom the Court may order disclosure.

5. Before disclosure of any Classified Information subject to this Protective Order is made to the persons identified in any of paragraphs 3(d) or 4(c) above, counsel for the party seeking to disclose the information shall obtain a written declaration, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made. The declarations signed by any such person, together with the person's current resume or *curriculum vitae* and a listing of the engagements of the person within the last four (4) years, shall be provided to opposing counsel ten (10) business days in advance of the first disclosure of any Classified Information to such person. If no objection is made to such disclosure within such ten (10) business day period, then Classified Information may be disclosed to such person. If objection is made, then the objecting party may bring before the Court the question of whether the particular Classified Information may be disclosed to such person, and the objecting party shall have the burden of establishing before the Court why such disclosure should not be permitted. Such motion shall be made within five (5) business days of the sending of such written notice of objection. Pending the outcome of such motion, the proposed disclosure of Classified Information shall not be made. Failure to object or to file a motion within the periods referenced above shall be deemed a waiver of any and all objections to the referenced disclosure to the persons identified in any of paragraphs 3(d) or 4(c) above.

PROTECTIVE ORDER - 5
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

6.  Subject to the provisions of paragraphs 7 and 8 below, designations of information as either "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only") shall be made as follows:

(a) In the case of documents produced by a party, or in a party's written responses to discovery requests, by conspicuously stamping each page containing such information with the appropriate designation;

(b) In the case of documents produced by nonparties, by providing a notice in writing to all other parties so identifying such documents within ten (10) business days after receiving copies of such produced documents;

(c) In the case of deposition testimony, by a statement on the record at or reasonably near the time of such testimony.  A party may also designate deposition testimony as "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only") within ten (10) days of receipt of the written transcript of such testimony.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Attorneys Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

(d) In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as marked "For Attorneys Only" (or "Attorneys' Eyes Only").  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes

PROTECTIVE ORDER - 6
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

Only") the copies of such documents as may contain Classified Information at the time the copies are produced to the inspecting party.

(e)     A non-party may claim the protection of this Protective Order for Classified Information that it provides pursuant to discovery demands in this action by designating such information in accordance with the provisions of this Paragraph of this Protective Order.

7.     Notwithstanding any of the provisions of paragraph 6, materials produced or testimony provided without the designation of "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only") may also be so designated subsequent to production or testimony after the times for such designations under paragraph 6 have passed. In such instances, the producing or testifying party shall provide replacement materials bearing appropriate designations and notify the receiving party promptly after becoming aware of the failure of the producing or testifying party to timely make such designation earlier. Designations of materials or testimony under this paragraph as being "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only") shall not operate retroactively to apply to any disclosure which may have been made between the date of the production or testimony and the date of the subsequent designations under this paragraph. However, promptly after receiving notice of such designations, the receiving party (a) shall thereafter collect any copies of such materials or testimony that have been provided to individuals other than those authorized to receive Classified Information so designated under this Order, (b) shall instruct those individuals not to disclose or use the information received in a manner inconsistent with this Protective Order, and (c) shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive Classified Information so designated under this Order. Inadvertent or unintentional production of documents or information containing confidential information which is not

PROTECTIVE ORDER - 7
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

designated "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only") shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

8. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" and/or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged and/or immune document was produced through inadvertence, mistake, or other error, and no waiver of any applicable privilege and/or immunity shall be deemed to have occurred. Upon such designation in writing, the receiving attorney shall promptly return to the producing party, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney must notify the designating attorney in writing and the designating attorney shall, within five (5) business days of such notice, file a motion to establish that the material is attorney-client privileged and/or attorney work product; otherwise, the claim of privilege and/or immunity shall be deemed waived.

9. To the extent the Classified Information is used in depositions, at hearings, or at trial, and to the extent the protections accorded such information are not changed as a result of action by the Court or by agreement of the parties, documents or information so Classified shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Classified Information.

10. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as "Confidential" or "For Attorneys Only" (or "Attorneys'

PROTECTIVE ORDER - 8
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

Eyes Only") consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosures.

11. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only"), the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute is not promptly so resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of such written objection, and failure to do so shall constitute a termination of the restricted status of such information. In any such motion, the burden of establishing the propriety of the "Confidential" or "For Attorneys Only" (or "Attorneys' Eyes Only") designation shall be and remain upon the party seeking to assert any such designation.

12. All "Confidential" and "For Attorneys Only" (or "Attorneys' Eyes Only") information filed with the Court, and any pleadings or other filed papers disclosing such information, shall be filed under seal upon obtaining authorization by the court to do so by filing a stipulation and proposed order or a motion regarding the specific documents at issue.

13. Upon completion of this litigation (including any appeals), the provisions of this Order protecting Classified Information shall continue to be binding except with respect to those

PROTECTIVE ORDER - 9
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Classified Information for enforcement of the provision of this Order following completion of this litigation.

14. Counsel of record for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product even if such documents contain Classified Information.

15. This Protective Order shall not limit any party or person from use or disclosure of its own documents or information. This Protective Order shall not preclude or limit a party's right to oppose discovery on any ground that would otherwise be available, nor shall it limit or preclude a party's right to oppose the admissibility of any Classified Information on any ground that would otherwise be available. The existence of this Protective Order shall not be construed to preclude or limit a party's right to seek future and additional protection against or limitations upon production or dissemination of documents and their contents. The existence of this Protective Order shall not preclude or limit any party, on notice to all interested parties, from applying to the Court for modification of this Order.

16. The Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

IT IS SO ORDERED

DATED this 22nd day of May, 2008.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

PROTECTIVE ORDER - 10
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

1  Presented by:

2             BADGLEY MULLINS LAW GROUP PLLC

3

4             /s Duncan C. Turner
           Duncan C. Turner,
5             Washington State Bar No. 20597
           BADGLEY~MULLINS LAW GROUP
6             4750 Columbia Center
           701 Fifth Avenue
7             Seattle, Washington, 98104
           Telephone: (206) 621-6566
8             Facsimile: (206) 621-9686
9             Email: duncanturner@badleymullins.com
           Attorneys for Daritech, Inc. and EYS Metal
10

11             BADGLEY MULLINS LAW GROUP PLLC

12

13             /s Allyssa J. White
           Allyssa J. White
14            Washington State Bar No. 38429
           BADGLEY~MULLINS LAW GROUP
15            4750 Columbia Center
           701 Fifth Avenue
16            Seattle, Washington, 98104
           Telephone: (206) 621-6566
17            Facsimile: (206) 621-9686
18            Email: awhite@badgleymullins.com
           Attorneys for Daritech, Inc. and EYS Metal
19

20            BLACK LOWE & GRAHAM PLLC

21

22            /s Mark L. Lorbiecki
           Mark L. Lorbiecki, WSBA # 16796
23            701 Fifth Avenue, Suite 4800
           Seattle, WA 98104
24            Telephone: (206) 381-3300
           Facsimile: (206) 381-3301
25            Email: lorbiecki@blacklaw.com
           Attorney for Daritech, Inc.
26

PROTECTIVE ORDER - 11
Case No. C07-1673 RSL

BADGLEY ~ MULLINS
LAW GROUP
4750 Columbia Center
701 Fifth Avenue
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686