1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEBR TIGGES GMBH & CO. KG, *et al.*,

       Plaintiffs,

    v.

EYS METAL SANAYI VE TICARET LTD.
STI., *et al.*,

       Defendants.

Case No.  C07-1673RSL

ORDER DEFERRING AND
RENOTING DEFENDANT
DARITECH'S MOTION FOR
SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendant "Daritech, Inc.'s Motion for Summary Judgment of Dismissal" (Dkt. #52).  In its motion, defendant Daritech, Inc. ("Daritech") moves for summary judgment on plaintiffs' claim of infringement of U.S. Patent No. 5,009,795 ("the patent" or "the '795 patent") and its counterclaim for declaratory judgment of non-infringement of the patent.  See Dkt. #5 (Daritech's Answer, Affirmative Defenses and Counterclaims) at 5-29.  For the reasons set forth below, the Court defers ruling on Daritech's motion until after the June 25, 2008 Markman[1] hearing.  See Dkt. #11 (Scheduling Order).

---

[1]  See Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995).

ORDER DEFERRING AND RENOTING
DEFENDANT DARITECH'S MOTION
FOR SUMMARY JUDGMENT  - 1

## II.  DISCUSSION

Plaintiffs assert that Daritech is infringing claims 11, 12, 14, 15, 17, and 18 of the '795 patent.  <u>See</u> Dkt. #42 at 2-3.  In its motion, Daritech contends that a ruling on plaintiffs' infringement claims at this early stage of the case is appropriate because the Court can construe the patent claims as a matter of law without extrinsic evidence and there are no disputed issues of fact.  <u>See</u> Reply at 9.  In opposition, plaintiffs contend that Daritech's motion is premature because construing the claims before the <u>Markman</u> hearing would "deprive the Court of the benefit of comprehensive expert testimony, briefing, and a narrowing of issues, and [would] . . . deprive FAN of discovery and a full opportunity to brief the claim construction issues."  Response at 6.

Determining whether a particular product or method infringes an existing patent involves a two-step analysis.  The Court must first identify the proper construction of the asserted patent claim, an exercise which the Supreme Court has determined is a matter of law.  <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370, 384-91 (1996).  After the claim has been properly construed, the fact finder determines whether the accused device infringes the claim.  The Federal Circuit recently reiterated that, although the claims of the patent define the invention to which the patentee is entitled the right to exclude, the claim construction analysis must focus on how a person of ordinary skill in the art would understand the claim terms after reading the entire patent.  <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1321, 1323 (Fed. Cir. 2005).

> It is the person of ordinary skill in the field of the invention through whose eyes the claims are construed.  Such person is deemed to read the words used in the patent documents with an understanding of their meaning in the field, and to have knowledge of any special meaning and usage in the field.  The inventor's words that are used to describe the invention -- the inventor's lexicography -- must be understood and interpreted by the court as they would be understood and interpreted by a person in that field of technology.  Thus the court starts the decisionmaking process by reviewing the same resources as would that person, <i>viz.</i>, the patent specification and the prosecution history.

1   Phillips, 415 F.3d at 1313 (quoting Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473,

2   1477 (Fed. Cir. 1998)).

3         Although "[s]ummary judgment under [Fed. R. Civ. P.] 56 is appropriate in patent cases

4   as in any other case where there is no genuine issue of material fact and the movant is entitled to

5   judgment as a matter of law," Howes v. Medical Components, Inc., 814 F.2d 638, 643 (Fed. Cir.

6   1987), a "trial court may exercise its discretion to interpret the claims at a time when the parties

7   have presented a full picture of the claimed invention and prior art." Sofamor Danek Group,

8   Inc. v. DePuy-Motech, Inc., 74 F.3d 1216, 1221 (Fed. Cir. 1996).  In their joint status report, the

9   parties suggested that "fact discovery occur first . . . including a patent claim construction phase

10   (Markman proceeding) wherein the Parties brief issues regarding construction of terms in the

11   claims of the '795 Patent [and] . . . that the Court thereafter render a claim construction ruling,

12   that expert disclosure take place thereafter, and that a period for dispositive motions occur

13   thereafter." See Dkt. #10 at 7.  In accordance with the parties' joint status report and discovery

14   plan, the Court issued a scheduling order detailing an orderly progression for the case, including

15   resolution of the Court's construction of the claims at issue after the Markman hearing.  See Dkt.

16   #11.

17         Daritech's summary judgment motion requires the Court to engage in claim construction

18   before the June 25, 2008 Markman hearing.  While there is nothing in the rules or the Court's

19   scheduling order precluding Daritech from filing a summary motion at this stage, given the facts

20   here, the Court exercises its discretion to defer ruling on construction of the claims and

21   Daritech's summary judgment motion until after the June 25, 2008 hearing.  See, e.g., William

22   F. Lee & Anita K. Krug, Article: Still Adjusting to Markman: A Prescription for the Timing of

23   Claim Construction Hearings, 13 Harv. J. Law & Tech. 55, 72 (1999) ("District courts have

24   discretion to determine when and in what format claim interpretation will take place.").

25         The extent to which the Court uses the extrinsic evidence presented at the Markman

26   hearing to construe the claims, if at all, will be decided after the hearing when the Court issues

27

28   ORDER DEFERRING AND RENOTING
DEFENDANT DARITECH'S MOTION
FOR SUMMARY JUDGMENT  - 3

an order construing the '795 patent claims.  See <u>Phillips</u>, 415 F.2d at 1319 ("[B]ecause extrinsic evidence can help educate the court regarding the field of the invention and can help the court determine what a person of ordinary skill in the art would understand claim terms to mean, it is permissible for the district court in its sound discretion to admit and use such evidence.  In exercising that discretion, and in weighing all the evidence bearing on claim construction, the court should keep in mind the flaws inherent in each type of evidence and assess that evidence accordingly.").

### III.  CONCLUSION

For all the foregoing reasons, the Court DEFERS ruling on defendant "Daritech, Inc.'s Motion for Summary Judgment of Dismissal" (Dkt. #52), including plaintiffs' surreply motion to strike (Dkt. #73), until after the June 25, 2008 <u>Markman</u> hearing.  Accordingly, the Clerk of Court is directed to RENOTE Daritech's motion (Dkt. #52) on the Court's calendar for Friday, **June 27, 2008**.


DATED this 23rd day of May, 2008.


_MNS Lasnik_
Robert S. Lasnik
United States District Judge

ORDER DEFERRING AND RENOTING
DEFENDANT DARITECH'S MOTION
FOR SUMMARY JUDGMENT